DIAMOND McCARTHY LLP
Charles M. Rubio
Sheryl P. Giugliano
295 Madison Ave, 27th Floor
New York, NY 10017
Tel: (212) 430-5400
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

*Proposed Counsel to Ponderosa-State Energy, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:

PONDEROSA-STATE ENERGY, LLC,           Case No. 19-13011 (JLG)

    Debtor.                                 Chapter 11
---------------------------------------------------------x

**DEBTOR'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
§ 502(c) AUTHORIZING ESTIMATION OF DEBTOR'S LIABILITY IN STATE COURT
LAWSUIT AND ESTABLISHING SCHEDULE FOR ESTIMATION PROCEEDING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Ponderosa-State Energy, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), files this *Debtor's Motion for Order Pursuant to Bankruptcy Code §502(c) Authorizing Estimation of Debtor's Liability in State Court Lawsuit and Establishing Schedule for Estimation Proceeding* (the "Motion"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. By this Motion, the Debtor requests, pursuant to section 502(c) of the Bankruptcy Code (defined below) that this Court estimate the Debtor's aggregate liability with respect to the claims set forth in the State Court Lawsuit (defined below), pending in the 84th Judicial District Court of Hutchinson County, Texas (the "State Court"). Specifically, the Debtor requests that this Court enter an order substantially in the form attached hereto which sets the schedule for an estimation proceeding before this Court.

2. Estimating the Debtor's aggregate liability in the State Court Lawsuit is essential because the Debtor cannot confirm a chapter 11 plan in this case until the amount of the Texas Claim (defined below) is determined. This Court is authorized under the Bankruptcy Code to conduct an expedited estimation hearing to fix the amount of the claim. The alternative of waiting for the State Court to adjudicate the Texas Claim is not practical or in the best interests of creditors, because the State Court Lawsuit has been stayed for more than a year, with no resolution in sight.

3. The Debtor intends to file a chapter 11 plan which will provide distributions to holders of allowed claims in accordance with the priority scheme set forth in the Bankruptcy Code. The Debtor expects to be able to confirm a chapter 11 plan that pays creditors holding allowed claims in full.

4. Without a prompt estimation of the Texas Claim, the Debtor's operations will suffer and its ability to reorganize will be severely hampered.

5. For the reasons set forth below, the Debtor believes that the Texas Action claim should be estimated at zero for all purposes, including allowance, voting, and distribution under any chapter 11 plan proposed by the Debtor in these cases. The Court should schedule an estimation proceeding and enter an order substantially similar to the proposed order attached hereto.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

8. The statutory basis for the relief requested herein is Bankruptcy Code §502.

## BACKGROUND

9. On September 18, 2019 (the "Petition Date"), the Debtor commenced a case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code, in this Court.

10. The Debtor is an oil and gas production company. The Debtor's principal asset is its interest in an oil and gas lease (the "Amended State Lease") with the state of Texas that covers a portion of the riverbed of the Canadian River in Hutchinson County, Texas.

11. The Debtor's principal place of business is 745 Fifth Avenue, Suite 537, New York, New York 10151.

12. Ponderosa TX Operating LLC ("Ponderosa TX Operating") is an affiliate of the Debtor. Ponderosa TX Operating is the operator of the Debtor's oil and gas properties and provides managerial, technical, professional and administrative services to the Debtor.

13. The Debtor remains in possession of its property and management of its affairs pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

14. To date, no committee, trustee, or examiner has been appointed in this case.

## RELIEF REQUESTED

15. The Debtor respectfully requests entry of an order substantially in the form attached hereto establishing the date and the procedures for the estimation hearing.

16. As explained further below, the Debtor believes that the claims asserted by the TX Plaintiffs (the "Texas Claim") should be estimated at zero. The summary below is merely designed to provide the Court with a general idea of the issues. If this Motion is granted, the Debtor and the TX Plaintiffs will provide briefs to this Court regarding the estimation of the Texas Claim.

17. The CRMBA expressly contravenes TX Plaintiffs' position that the Amended

State Lease Terminated. Specifically, it states: "[N]either any Riparian Owner nor the State may contend that the Amended State Lease or the Riverbed Leases terminated . . . ."

18.     Thus, the Court can determine as a matter of law that the State Court Lawsuit is without merit—that the Amended State Lease was not terminated in 2012 and that the Debtor has not been trespassing on the Agreed Riverbed.

## BASIS FOR RELIEF

19.     Bankruptcy Code §502(c) provides, in pertinent part, that "[t]here shall be estimated for purpose of allowance under this section . . . any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case . . . ." 11 U.S.C. § 502(c)(1).

20.     "Claim" is broadly defined as either a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured," or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."[1] 11 U.S.C. § 1101(5).

21.     Estimation of a claim "provides a means for a bankruptcy court to achieve reorganization, and/or distribution on claims, without awaiting the results of legal proceedings

---

[1] The State Court Lawsuit is a "claim" under the Bankruptcy Code because the plaintiffs will be entitled to an award of damages—i.e., a "right to payment"—if they prevail. And although the State Court Lawsuit includes a claim for nonmonetary equitable relief barring the Debtor from trespassing in the future, that claim "gives rise to a right to payment." *See* 11 U.S.C. § 1101(5)(B). Texas law "permits a landowner to waive [a] claim of trespass and sue for the reasonable value of the use and occupation of the land." *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 269 (Tex. App.—San Antonio 2004, pet. denied); *Tex. & P. Ry. Co. v. El Paso & N.E.R. Co.*, 156 S.W. 561, 566 (Tex. Civ. App.—El Paso 1913, writ denied) (citing *Railway Co. v. Ortiz*, 75 Tex. 602 (1890)). Thus, because the plaintiffs can choose between the "alternative[s] of an equitable remedy or money damages, the resulting right is a 'claim.'" *See In re Mark IV Indus., Inc.*, 438 B.R. 460, 465 (Bankr. S.D.N.Y. 2010), *aff'd*, 459 B.R. 173 (S.D.N.Y. 2011).

that could take a very long time to determine." *In re Adelphia Bus. Solutions, Inc.* 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003); *see id.* at 423 (recognizing that it would be "inappropriate to hold time-consuming proceedings which would defeat the very purpose of 11 U.S.C. § 502(c)(1) to avoid undue delay").

22.   Even absent a finding of undue delay or other requirement under Bankruptcy Code §502(c), it is with a court's sound discretion to estimate a claim. *In re RNI Wind Down Corp.*, 369 B.R. 174, 191 (Bankr. D. Del. 2007).

23.   Any delay in resolving the Texas Claim would delay the administration of this case by preventing the Debtor from confirming a chapter 11 plan, distracting the Debtor from efficiently managing the Debtor's business operations, and further increasing the Debtor's legal fees and expenses.

24.   A court may estimate the approximate value of a claim using "whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy of Chapter 11 that a reorganization must be accomplished quickly and efficiently." *In re Adelphia*, 341 B.R. at 422 (internal quotation marks omitted). Although the Court is bound by the legal rules that govern the ultimate value of the Texas Claim, it has wide discretion in establishing the method to be used to arrive at an estimate of the value of the Texas Claim. *In re Chemtura Corp.,* 448 B.R. 635, 648-49 (Bankr. S.D.N.Y. 2011).

## **NOTICE**

25.   Notice of this Motion has been provided to: (i) the U.S. Trustee for Region 2; (ii) each creditor on the list filed pursuant to Bankruptcy Rule 1007(d); (iii) those persons who have requested service pursuant to Bankruptcy Rule 2002; (iv) Washington Federal; (v) the

Special Master; (vi) counsel to the TX Plaintiffs, and (vii) counsel to the proposed DIP Lender. The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court (i) estimate the Texas Claim, (ii) enter an order substantially in the form attached hereto establishing estimation procedures and the date for the estimation hearing, and (iii) grant the Debtor such other and further relief as this Court deems proper.

Dated: New York, New York
September 18, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
Sheryl P. Giugliano
295 Madison Ave., 27th Fl.
New York, NY 10017
Tel: (212) 430-5400
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

*Proposed Counsel to*
*Ponderosa-State Energy, LLC*