UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:

PONDEROSA-STATE ENERGY, LLC                Case No. 19-13011(JLG)

    Debtor.                                                        Chapter 11

---------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTOR TO USE
EXISTING CASH MANAGEMENT SYSTEM
AND NOTICE OF FINAL HEARING**

Upon the motion dated September 18, 2019 [ECF 5] (the "Motion")[1] of Ponderosa-State

Energy, LLC, as debtor and debtor in possession (the "Debtor") pursuant to sections 105(a),

345(b), and 363(b) and 363(c) of the Bankruptcy Code for entry of orders authorizing the Debtor

to maintain and use its existing cash management system on an interim basis and maintain and use

a modified cash management system on a final basis and providing related relief; and upon the

Sands Declaration; and upon the Affidavit of Service filed with this Court [ECF 15], demonstrating

sufficient and proper notice; and upon the hearing on the Motion, the transcript of which is

incorporated herein by reference; and this Court having determined that granting the relief

requested in the Motion on an interim basis is in the best interests of the Debtor, its estate, creditors,

and other stakeholders; and after due deliberation and sufficient cause appearing therefore, it is

hereby

ORDERED, that the Motion is hereby granted on an interim basis to the extent set forth

herein; and it is further

ORDERED, that the Debtor be, and hereby is, authorized, on an interim basis, to:

(i) designate, maintain and continue to use the Prepetition Operating Account, the Prepetition

---

[1]    All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the
Motion.

Royalty Account and the Prepetition Disputed Interest Reserve Account (collectively, the "Prepetition Bank Accounts") in the names and account numbers existing immediately prior to the Petition Date, except to cause of the Prepetition Operating Account, the Debtor shall cause the names and checks to reflect the Debtors' status as "debtors in possession"; (ii) deposit funds in, and withdraw funds from, the Prepetition Operating Account, the Prepetition Royalty Account and the Prepetition Disputed Interest Reserve Account in accordance with its ordinary course of business as existed prior to the Petition Date; and (iii) treat the Prepetition Operating Account, the Prepetition Royalty Account and the Prepetition Disputed Interest Reserve Account for all purposes on an interim as debtor in possession accounts; and it is further

ORDERED that notwithstanding anything to the contrary in the preceding paragraph, the Debtor shall have thirty days from the date of this Order to come into compliance with 11 U.S.C. § 345(b) with regard to funds held in the Prepetition Royalty Account and the Prepetition Disputed Interest Reserve Account; which currently are not held in authorized depositories included on the U.S. Trustee's list of such depositories for the Southern District of New York, without prejudice to seeking a further extension

ORDERED that except as otherwise provided in this Interim Order, all financial institutions in which the Debtor maintains the Prepetition Bank Accounts as of the commencement of its chapter 11 case are authorized and directed to continue to maintain, service, and administer such Prepetition Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; provided, however, that nothing contained herein shall authorize any such financial institution to honor any check, draft, wire, or other transfer issued or dated prior to the Petition Date, except as otherwise provided by further order of this Court;

provided, however, that any such financial institution may rely on the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to an order of this Court, and such bank shall not have any liability to any party for relying on such representation by the Debtor as provided for herein; and it is further

ORDERED that the Debtor is authorized to continue to use its correspondence and business forms including, but not limited to, invoices, letterhead, envelopes, checks and other negotiable instruments and other business forms (collectively, the "Business Forms"), substantially in the forms existing immediately before the Petition Date, and the Debtor shall immediately use the "Debtor in Possession" reference on all electronic Business Forms and to write-in its status as a debtor in possession together with the case number on physical Business Forms; provided, however, that as the Debtor replaces any Business Forms, the Debtor will use new forms identifying it as a debtor in possession and include the case number; and it is further

ORDERED, that the Debtor shall no longer use and close all of its pre-petition bank account at Washington Federal, the Debtor shall cause any funds in such account to be transferred to the Prepetition Operating Account and close the pre-petition bank account at Washington Federal; and it is further

ORDERED that the Debtor is authorized and empowered to take such steps, do such things, and execute such documents as may be necessary to implement the terms and conditions of this Order; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6004(a) are waived;

and it is further

ORDERED that a final hearing (the "Final Hearing") for the Motion is scheduled for **November 6, 2019, at 11:00 a.m. (ET)** and any objections or responses to the relief requested in the Motion being granted on a final basis shall be filed on or before **October 25, 2019, at 4:00 p.m.** (ET) and served upon the parties as required by Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and the Debtor shall file any reply on or before **October 30, 2019 at 4:00 p.m. (ET)**; and it is further

ORDERED that promptly after entry of this Interim Order, the Debtor shall serve a copy of this Interim Order and notice of the Final Hearing by first class mail upon (i) the Office of the United States Trustee for the Southern District of New York; (ii) each the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (iv) Washington Federal, N.A,;   (v) Molori, and (vi) the Special Master.

Dated: October 16, 2019
      New York, New York

/s/ *James L. Garrity, Jr.*
United States Bankruptcy Judge