# IN THE 84TH JUDICIAL DISTRICT COURT
## OF HUTCHINSON COUNTY, TEXAS

**SIGNAL DRILLING, LLC,**
*Plaintiff and Counter-Defendant,*

**JATEN OIL COMPANY,**
*Involuntary Plaintiff,*

**RIPARIA, LC,**
*Intervenor*

v.

**NEW-TEX OPERATING, LLC,**
**NEW-TEX PETROLEUM II, LP,**
**NTP GENERAL II, LLC,**
**NEW-TEX OPERATING II, LLC,**
**HAYMAKER OIL AND GAS, LLC,**
**BEAU KELLEY, JOSEPH KELLEY,**
**SANDRA BROWN, PAUL HAYNER,**
**and MICHAEL CANNON,**
*Defendants and Counter-Plaintiffs.*

**GREEN BANK, N.A., DND OIL INC.,**
**PONDEROSA TX OPERATION, LLC**
**f/k/a PONDEROSA OPERATING,**
**LLC and PONDEROSA-STATE ENERGY,**
**L.L.C.**
*Defendants*

Filed: 10/6/2017 1:48 PM
Robin Stroud, District Clerk
Hutchinson County, Texas
By:Robin Stroud

CAUSE NO. 41,971

## ORDER CONCERNING MOTIONS TO ENFORCE THE
## APRIL 5, 2017 ORDER MODIFYING TEMPORARY
## INJUNCTION AND FOR CONTEMPT OF COURT

On the 12th day of July, 2017, came on for hearing the Motion of Jaten Oil

Company And Riparia, L.C. To Enforce April 5, 2017 Order Modifying

Temporary Injunction And For Contempt Of Court And Further Relief (hereinafter

referred to as the **"Jaten Motion"**), as well as Signal Drilling, LLC's Motion To

Enforce April 5, 2017 Order Modifying Temporary Injunction And For Contempt Of Court (hereinafter referred to as the **"Signal Motion"**). The Jaten Motion and the Signal Motion are hereinafter collectively referred to the **"Motions."** After having considered the Motions, the evidence and the authorities and arguments of counsel, the Court finds that the ownership of the proceeds from the sale of oil, gas, condensate and other liquid hydrocarbons previously produced, and to be produced, by the Defendant, Ponderosa Tx. Operating, LLC (hereinafter referred to as **"Ponderosa"**),  from the agreed riverbed of the Canadian River, as defined in the Canadian River Mineral Boundary Agreement, effective January 1, 2002 (hereinafter referred to as the **"Agreed Riverbed"**), is disputed,  and said disputed funds are and will be  in danger of being lost or depleted during the pendency of the captioned litigation. It is therefore ORDERED, ADJUDGED AND DECREED that:

1.    Ponderosa shall, during the pendency of the captioned litigation, deposit 21.5% of the **"Net Proceeds"**[1] from the sale, of oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed, from and after September 1, 2017, into an interest-bearing account to be maintained in the Borger

---

[1]    The term **"Net Proceeds"** shall mean all of the gross proceeds from the sale of oil, gas, condensate and other hydrocarbon liquids produced from the Agreed Riverbed, less severance taxes pertaining to those gross proceeds.

Branch of Amarillo National Bank (the **"Bank"**), styled "CRMBA Compensatory Royalty Pool Fund" (hereinafter referred to as **"Account No. 1"**). Account No. 1 shall be established by Ponderosa with the approval of Jaten Oil Company (**"Jaten"**), Riparia, L.C. (**"Riparia"**) and Signal Drilling, LLC (**"Signal"**). An officer of Ponderosa shall be a signatory on the account. No funds may be removed from Account No. 1 without the prior written order of this Court, specifically authorizing said removal, and the Bank shall provide copies of all bank statements, checks and deposit slips to counsel for Jaten, Riparia and Signal each month.

2.    Ponderosa shall deposit, or caused to be deposited into Account No. 1, 21.5% of the Net Proceeds within fifteen (15) days from Ponderosa's receipt of the gross proceeds from the sale of oil, gas, condensate and other hydrocarbons produced from the Agreed Riverbed, from and after September 1, 2017. Contemporaneous with each such deposit, Ponderosa shall deliver to counsel for Jaten, Riparia and Signal, copies of all checks, check detail, wire transfers, crude oil statements (for oil) and percent of proceed statements (for gas) evidencing the gross proceeds received from the sale of oil, gas, condensate and other hydrocarbon liquids produced from the Agreed Riverbed. Ponderosa shall deliver to counsel for Jaten, Riparia and Signal within twenty (20) days after the end of each calendar month, true, correct and complete copies of all reports filed by

Ponderosa with the office of the Texas Comptroller of Public Accounts and the Texas Railroad Commission, relating to the oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed and the disposition of same during the preceding calendar month, as well as the proceeds received by Ponderosa from the sale of same.

3.     Ponderosa shall, during the pendency of the captioned litigation, deposit, or caused to be deposited, 36.75% (being 49% of 75%) of the Net Proceeds from the sale of oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed, from and after September 1, 2017, into an interest-bearing account to be maintained in the Bank, styled "CRMBA Disputed Funds Account" (hereinafter referred to as **"Account No. 2"**). Account No. 2 shall be established by Ponderosa with the approval of Jaten, Riparia and Signal, and an officer of Ponderosa shall be a signatory on the account. No funds may be removed from Account No. 2 without the prior written order of this Court, specifically authorizing said removal, and the Bank shall provide copies of all bank statements, checks and deposit slips to counsel for Jaten, Riparia and Signal each month.

4.     Ponderosa shall deposit, or caused to be deposited, into Account No. 2, 36.75% of the Net Proceeds within fifteen (15) days from Ponderosa's receipt of

the gross proceeds from the sale of oil, gas, condensate and other hydrocarbons produced from the Agreed Riverbed, from and after September 1, 2017.

5.  Subject to the order of this Court approving same, Ponderosa may withdraw from Account No. 2, 49% of the reasonable and necessary monthly **"Operating Costs"**[2] of the oil and gas wells located in the Agreed Riverbed, incurred from and after September 1, 2017.  In that connection, based on the consent of Jaten, Riparia, Signal and Ponderosa, the Court hereby appoints Kent Ries, who resides in Amarillo, Texas, as a Master, pursuant to TEX. R. CIV. P. 171, for the limited purpose of calculating the monthly reasonable and necessary Operating Costs of the oil and gas wells located in the Agreed Riverbed, incurred by Ponderosa from and after September 1, 2017, based on data to be provided by Ponderosa to the Master, Jaten, Riparia and Signal, on or before the expiration of twentieth (20th) day after the end of each calendar month, from and after September 1, 2017.  The Master shall promptly report his findings as to the reasonable and necessary Operating Costs to the Court and provide a copy of his report to Ponderosa, Jaten, Riparia and Signal. If any party has an objection to the

---

[2]    As used in this Order, the term **"Operating Costs"** shall include the reasonable and necessary costs incurred by Ponderosa to produce and maintain existing wells, but shall **not** include the cost of drilling, completing equipping a well. Operating Costs shall also include ad valorem taxes assessed against any producing well located in the Agreed Riverbed, and to the extent that said ad valorem taxes are assessed against a royalty interest, 49% of those taxes shall be paid from Account No. 1.

Master's findings, they must be filed with the Court within fourteen (14) days from

the date that party receives the Master's report. Unless a party timely objects to a

finding of the Master, said objection shall be deemed waived.

5.     The Master, and any consultants working for the Master, shall be

compensated based on the reasonable and necessary charges for their work, with

51% to be paid by Ponderosa and 49% to be collectively paid by Jaten, Riparia and

Signal. The Master shall send a statement for his services to counsel for Ponderosa,

Jaten, Riparia and Signal on a monthly basis. Said compensation shall be paid

within ten (10) business days from the delivery of the Master's statement for

services to counsel.

6.     Ponderosa and all officers and managers of said entity shall file and

serve with its monthly reports to the Court (as ordered by the April 5, 2017

Amended Temporary Injunction order), the following documents:

      a.    Copy(ies) of checks or wire remittances that state the amount of
money received for purchase of oil, gas, or other hydrocarbons
from each of the Riverbed Leases that are the subject of this
lawsuit for each monthly period reported;

      b.    Document(s) that detail what quantities of oil/gas/hydrocarbons
were sold and disposed of from the Riverbed Leases that are the
subject of this lawsuit during monthly period reported. Such
documents shall be sufficient to identify what was quantities of
oil and gas were sold and purchased from each reported lease,
the specific date(s) of sale, the identity of the purchaser(s), the

price per barrel for oil and MCF for gas, and the specific quantity(ies) of oil and/or gas sold; and,

c.      Copies of reports filed with the Railroad Commission of Texas that report the quantity(ies) of oil/gas/hydrocarbons was/were produced and disposed of from the Riverbed Leases that are the subject of this lawsuit during the month being reported.

All relief requested in the Motions and not specifically granted herein, is hereby denied.

Signed this ___6th___ day of ___October___, 2017.

HON. WILLIAM D. SMITH
SENIOR DISTRICT JUDGE
BY ASSIGNMENT

APPROVED ONLY AS TO FORM:

_____
Leon Mitchell, SBN 14220700
Counsel for Ponderosa TX Operating, LLC

_____
Joe W. Hayes, SBN 09277300
Counsel for Jaten Oil Company and Riparia,
LLC

_____
Lewis Sessions, SBN 24066669
Counsel for Signal Drilling, LLC

**APPROVED ONLY AS TO FORM:**

Leon Mitchell, SBN 14220700
Counsel for Ponderosa TX Operating, LLC

Joe W. Hayes, SBN 09277700
Counsel for Jaten Oil Company and Riparia,
LLC

Lewis Sessions, SBN ~~24066660~~ 18041500
Counsel for Signal Drilling, LLC

## IN THE 84TH JUDICIAL DISTRICT COURT
## OF HUTCHINSON COUNTY, TEXAS

**SIGNAL DRILLING, LLC,**
*Plaintiff and Counter-Defendant,* **and**

**JATEN OIL COMPANY,**
*Involuntary Plaintiff,* **and**

**RIPARIA, LC,**
*Intervenor*

v.

**NEW-TEX OPERATING, LLC,**
**NEW-TEX PETROLEUM II, LP,**
**NTP GENERAL II, LLC,**
**NEW-TEX OPERATING II, LLC,**
**HAYMAKER OIL AND GAS, LLC,**
**BEAU KELLEY, JOSEPH KELLEY,**
**SANDRA BROWN, PAUL HAYNER, and**
**MICHAEL CANNON, GREEN BANK, N.A.,**
**DND OIL, INC., PONDEROSA TX**
**OPERATING, LLC, f/k/a PONDEROSA**
**OPERATING, LLC, PONDEROSA**
**ENERGY, LLC,  PONDEROSA-STATE**
**ENERGY, LLC; TEXAS GENERAL LAND**
**OFFICE, GEORGE P. BUSH, in his official**
**capacity as Texas Land Commissioner, and**
**THE STATE OF TEXAS,**
*Defendants.*

Filed: 3/28/2018 3:05 PM
Robin Stroud, District Clerk
Hutchinson County, Texas
By:Robin Stroud

**CAUSE NO. 41,971**

## AGREED ORDER RE: MOTION TO ENFORCE THE
## OCTOBER 6, 2017 ORDER

On this 20th day of March, 2018, came on for consideration, the Motion To

Enforce The October 6, 2017 Order, filed in the captioned matter by Signal Drilling,

LLC (hereinafter referred to as **"Signal"**), Jaten Oil Company (hereinafter referred

to as **"Jaten"**) and Riparia, LC (hereinafter referred to as **"Riparia"**). As evidenced

by the signatures below of counsel for Signal, Jaten, Riparia, Ponderosa Tx.

Operating, LLC (hereinafter referred to as **"Ponderosa Operating"**) and Ponderosa-

State Energy, LLC (hereinafter referred to as **"Ponderosa-State"**), the parties have

agreed to the following relief, and it is therefore ORDERED that:

    1.    Ponderosa Operating and/or Ponderosa-State, their officers and

managers, shall, on or before April 4, 2018 at 9:00 o'clock a.m., deposit into Amarillo

National Bank (Borger Branch) Account No. xxxxx7353, the sum of $160,000, and

deliver to counsel for Signal, Jaten and Riparia, the following documents:

- All bank statements, checks and deposit slips for Amarillo National Bank (Borger Branch) Account No. xxxxx7345 (hereinafter referred to as **"Account No. 1"**) for the months of February and March, 2018.

- All bank statements, checks and deposit slips for Amarillo National Bank (Borger Branch) Account No. xxxxx7353 (hereinafter referred to as **"Account No. 2"**) for the month of March, 2018.

- All deposit slips and wire remittances evidencing the receipt by Ponderosa Operating of the proceeds of oil, gas, condensate and other liquid hydrocarbons produced from agreed riverbed of the Canadian River, as defined in the Canadian River Mineral Boundary Agreement, effective January 1, 2002 (hereinafter referred to as the **"Agreed Riverbed"**), from and after September 1, 2017.

- The Texas Railroad Commission monthly production reports and Texas Office of the Comptroller Reports, relating to oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed for the month of February, 2018.

- The DCP percent of proceeds (gas) statement and Valero crude oil statements (for oil) relating to the production of oil, gas, condensate and other liquid hydrocarbons from wells located on the Agreed Riverbed for the month of February, 2018.

**2.**     Ponderosa Operating, its officers, managers and employees shall, on or before March 30, 2018, execute all documents and take all action required to rescind Ponderosa Operating's authority to draw checks on Account No. 1 and Account No. 2, as well as to execute all documents and take all action required to provide Kent Ries, previously appointed as a Master in the captioned matter, pursuant to TEX. R. CIV. P. 171, with the sole control of said accounts and the sole authority to draw checks upon said accounts.

**3.**     Ponderosa Operating, Ponderosa-State and their officers, managers and employees shall direct the purchasers of oil, gas, condensate and liquid hydrocarbons produced from the Agreed Riverbed to deposit, during the pendency of this litigation, 36.75% of the proceeds of all oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed, from and after February 28, 2018, directly into Account No. 2, as well as to deposit, during the pendency of this litigation, 21.5% of the proceeds of oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed, from and after 28, 2018, directly into Account No. 1.

**4.**     During the pendency of this litigation, the Master shall have the following powers, duties and authority: (**a**) to determine and pay (without order of the

Court) to Ponderosa Operating from Account No. 2, 49% of the reasonable and

necessary monthly Operating Costs[1] of the oil and gas wells located in the Agreed

Riverbed, during the period of September 1, 2017 through February 28, 2018; **(b)** to

determine and pay (without order of the Court) to Ponderosa Operating from Account

No. 2, 49% of the reasonable and necessary monthly Operating Costs of the oil and

gas wells located in the Agreed Riverbed, from and after February 28, 2018; **(c)** to

pay (without order of the Court) to Ponderosa Operating from Account No. 2, 36.75%

of the monthly severance taxes paid by Ponderosa Operating to the State of Texas on

oil, gas, condensate and other liquid hydrocarbons produced from the Agreed

Riverbed, from and after February 28, 2018; **(d)** to pay (without order of the Court)

to Ponderosa Operating from Account No. 1, 21.50% of the monthly severance taxes

paid by Ponderosa Operating to the State of Texas on oil, gas, condensate and other

liquid hydrocarbons  produced from the Agreed Riverbed, from and after February

28, 2018; **(e)** to hire those consultants required to advise the Master concerning those

matters described in paragraphs 4(a), 4(b), 4(c) and 4(d), and the Master and said

---

[1]    As used in this Order, the term **"Operating Costs"** shall include the reasonable and
necessary costs incurred by Ponderosa Operating to produce and maintain existing wells, located in
the Agreed Riverbed, but shall not include the cost of drilling, completing or equipping a well.
Operating Costs shall also include ad valorem taxes assessed against any producing well, located in
the Agreed Riverbed. To the extent that ad valorem taxes are assessed against a royalty interest,
pertaining to an oil or gas well, located in the Agreed Riverbed, 49% of those ad valorem taxes shall
be paid from Account No. 1.

consultants shall have the authority to investigate all facts and inspect all oil and gas wells and facilities on the Agreed Riverbed in connection with those matters described in paragraphs 4(a), 4(b), 4(c) and 4(d); and **(f)** to determine and pay (without order of the Court) to the Master from Account No. 2, the reasonable and necessary compensation for his work, and that of his consultants, in this matter, from and after October 6, 2017. In the event that funds are not available to pay from Account No. 2, all of the sums to be paid under paragraphs 4(a), 4(b), 4(c), 4(d) and 4(f), then upon that contingency, the then current funds in Account No. 2 shall first be allocated to the sums to be paid under paragraph 4(f), with the remaining funds, if any, to be allocated equally to the sums to be paid under paragraphs 4(a), 4(b), 4(c) and 4(d).

Notwithstanding anything contained herein to the contrary, the Master shall not pay any funds to Ponderosa Operating as required under paragraphs 4(a), 4(b), 4(c) or 4(d), until Ponderosa Operating and/or Ponderosa-State shall have deposited the sum of $160,000 into Account No. 2.

5.    During the pendency of the captioned litigation, Ponderosa Operating, its officers, managers and employees shall deliver to the Master and counsel for Signal, Jaten and Riparia, within twenty (20) days after the end of each calendar month: **(a)** all data concerning Ponderosa Operating's Operating Costs, incurred

during the preceding month; **(b)** all reports filed by Ponderosa Operating with the Texas Railroad Commission and the Texas Comptroller of Public Accounts during the preceding month, relating to the production of oil, gas, condensate and other liquid hydrocarbons from the Agreed Riverbed, as well as the proceeds from the sale of oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed; and **(c)** copies of all checks evidencing the payment of severance tax on oil, gas, condensate and other liquid hydrocarbons produced from the Agreed Riverbed during the preceding month.

6.   On or before June 1, 2018, Ponderosa Operating and Ponderosa-State, and their officers, managers and employees shall: **(a)** provide counsel for Signal, Jaten and Riparia with a full and complete accounting of the proceeds they received from the production of oil, gas, condensate and other liquid hydrocarbons, produced from wells located in the Agreed Riverbed, during the period of September 1, 2017 through March 31, 2018, and the severance tax they paid on those proceeds of production; **(b)** deposit into Account No. 2, an amount equal to the difference, if any, between: **(i)** 36.75% of the proceeds of production of oil, gas, condensate and other liquid hydrocarbons produced from wells located in the Agreed Riverbed during the period of September 1, 2017 through March 31, 2018, less applicable severance taxes, **and (ii)** the sums directly deposited into Account No. 2, prior to June 1, 2018, by

Ponderosa Operating and/or Ponderosa-State (excluding any direct deposits into Account No. 2 by purchasers of oil and gas produced from the Agreed Riverbed); and **(c)** deposit into Account No. 1, an amount equal to the difference, if any, between **(i)** 21.50% of the proceeds of production of oil, gas, condensate and other liquid hydrocarbons produced from wells located in the Agreed Riverbed during the period of September 1, 2017 through March 31, 2018, less applicable severance taxes, **and (ii)** the sums directly deposited into Account No. 1, prior to June 1, 2018, by Ponderosa Operating and/or Ponderosa-State (excluding any direct deposits into Account No. 1 by purchasers of oil and gas produced from the Agreed Riverbed). In the event that on June 1, 2018, Ponderosa Operating and Ponderosa-State have deposited funds in Account No. 2 in excess of those required under paragraphs 6(b) and 6(c), then the Master shall promptly refund any such excess to Ponderosa Operating.

7.    During the pendency of this litigation, Signal, Jaten and Riparia shall have the right, upon reasonable notice to Ponderosa Operating, to inspect all oil and gas wells and facilities located on the Agreed Riverbed.

8.    The Court shall take under advisement, the requests of Signal, Jaten and Riparia for sanctions in connection with Ponderosa Operating's violation of the Court's October 6, 2017 Order entered in the captioned matter.

SIGNED this ___28th___ day of ___March___, 2018.

_____
JUDGE PRESIDING

**APPROVED AS TO SUBSTANCE
AND FORM:**

**LEON MITCHELL**_____
Leon Mitchell, SBN 14220700
Counsel for Ponderosa TX Operating,
LLC and Ponderosa-State Energy,
LLC

**JOE W. HAYES**_____
Joe W. Hayes, SBN 09277300
Counsel for Jaten Oil Company and
Riparia, LC

**WILLIAM L. SESSIONS**_____
William L. Sessions, SBN 18041500
Counsel for Signal Drilling, LLC

**KENT RIES**_____
Kent Ries, SBN 16914050
Court Appointed Master

Filed 9/28/2018 12:18 PM
Robin Stroud, District Clerk
Hutchinson County, Texas
By:Tammy McBrayer

**CAUSE NO. 41971**

| | | |
|---|---|---|
| **SIGNAL DRILLING, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| **and** | § | |
| | § | |
| **JATEN OIL COMPANY,** | § | |
| *Involuntary Plaintiff,* | § | |
| | § | |
| **RIPARIA, LC,** | § | |
| *Intervenor,* | § | |
| | § | |
| **MOLORI ENERGY, INC.,** | § | |
| *Intervenor,* | § | |
| | § | |
| **v.** | § | **HUTCHINSON COUNTY, TEXAS** |
| | § | |
| **NEW-TEX OPERATING, LLC,** | § | |
| **NEW-TEX PETROLEUM II, LP, NTP** | § | |
| **GENERAL II, LLC, NEW-TEX** | § | |
| **OPERATING II, LLC, HAYMAKER** | § | |
| **OIL AND GAS, LLC, BEAU KELLEY,** | § | |
| **and SANDRA BROWN,** | § | |
| | § | |
| *Defendants/Counter-Plaintiffs,* | § | |
| | § | |
| **and** | § | |
| | § | |
| **PONDEROSA TX OPERATING, LLC** | § | |
| *f/k/a* **PONDEROSA OPERATING, LLC,** | § | |
| **PONDEROSA ENERGY, LLC,** | § | |
| **PONDEROSA-STATE ENERGY, LLC,** | § | |
| **DND OIL, INC., THE STATE OF TEXAS,** | § | |
| **TEXAS GENERAL LAND OFFICE AND** | § | |
| **GEORGE P. BUSH, in official capacity,** | § | |
| *Defendants*. | § | **84TH JUDICIAL DISTRICT** |

## AGREED ORDER MODIFYING
## MARCH 28, 2018 AGREED ORDER RE: GRANTING MOTION TO
## ENFORCE THE OCTOBER 6, 2017 ORDER

On this date came on for consideration an Agreed Motion by Ponderosa TX

Operating, LLC, Jaten Oil Company, Signal Drilling, LLC, and Molori Energy, Inc. ("Moving Parties") for the modification of the Agreed Order Re: Motion for Enforce The October 6, 2017 Order, entered on March 28, 2018 (the "March 28, 2018 Order").

The Moving Parties have represented to the Court that they have encountered difficulties securing the payment of the proceeds from the production of oil, gas, condensate and other liquid hydrocarbons from those oil and gas wells located on the agreed riverbed of the Canadian River, as defined in the Canadian River Mineral Boundary Agreement (the "Agreed Riverbed"), pursuant to provisions of the Court's March 28, 2016 Order. Said Agreed Riverbed leases hereafter are referred to as the "Agreed Riverbed Leases."

The Moving Parties further have represented that Valero Energy Corporation ("Valero") and DCP Midstream ("DCP"), purchasers of oil and gas from the Agreed Riverbed Leases, have suspended payment of all runs on said leases.

The Moving Parties further have represented to the Court that they have good cause to believe that Valero and DCP will agree to division orders directing them to pay all of the proceeds of their respective purchases of oil and gas from the Agreed Riverbed Leases to Kent Ries, the Court Master (the "Court Master"). The parties have filed an Agreed Motion to have all payments for oil and gas

production from the Agreed Riverbed Leases paid to the Court Master and to have this Court's March 28, 2018 Order modified as provided herein.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Moving Parties cooperate with the prompt preparation of agreed division orders directing Valero and DCP to pay all of the proceeds of their respective purchases of oil and gas from the Agreed Riverbed Leases to the Court Master, and to cause the prompt delivery of said division orders to Valero and DCP.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that all other provisions of this Court's March 28, 2018 Order otherwise shall remain in full force and effect, absent further order of this Court.

IT IS FURTHER ORDERED that by September 30, 2018, and thereafter on a monthly basis on the last day of each succeeding month until further order of this Court, the Court Master shall file and serve: 1) a report to this Court attaching the most recent bank statement(s) for bank accounts maintained by the Court Master for this matter, and 2) a chronological listing of all income received and all monies paid by the Court Master during the month then ended. In his first report, the Court Master shall include a copy of all prior months' bank statements and report of income received and expenses paid from the date of entry of the March 28, 2018 Order through the date of the first report.

All relief requested in the Motion and not specifically granted herein, is hereby denied.

Signed this date: ___August 27, 2018_____.

_____

HON. WILLIAM D. SMITH
JUDGE PRESIDING BY APPOINTMENT

APPROVED:

_____
Leon Mitchell
Texas Bar No. 14220700
Counsel for Ponderosa TX Operating, LLC

_____
Joe W. Hayes
Texas Bar No. 09277300
Counsel for Jaten Oil Company and Riparia, LLC

_____
William L. Sessions
Texas Bar No. 18041500
Counsel for Signal Drilling, LLC

_____
Kenneth C. Johnston
Texas Bar No. 00792608
Robert W. Gifford
Texas Bar No. 24093543
Catherine E. (Kate) Gaither
Texas Bar No. 24059793
Counsel for Molori Energy, Inc.