Robert W. Gifford (RG 9825)
New York State Bar No. 4046231
rgifford@johnstonpratt.com
Kenneth C. Johnston, Esq. (*pro hac vice*)
kjohnston@johnstonpratt.com
**JOHNSTON PRATT PLLC**
1717 Main Street, Suite 3000
Dallas, Texas 75201
Tel. (214) 974-8000
Fax (972) 474-1750

*Counsel for Molori Energy, Inc.,
a Party-In-Interest*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PONDEROSA-STATE ENERGY, LLC, | ) | Case No. 19-13011-jlg |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOLORI ENERGY, INC.'S JOINDER
IN OBJECTION OF JATEN OIL COMPANY AND RIPARIA, LC [DKT. NO. 54],
AND POSITION STATEMENT ON DEBTOR'S MOTIONS**

Molori Energy, Inc. ("Molori") submits this Joinder to Objection of Jaten Oil Company and Riparia, LC [Dkt. No. 54] ("Jaten Objection") and Position Statement on the following motions:

*(i) Motion Pursuant to 11 U.S.C. §§ 361 and 363(c) for Order Authorizing Use Of Cash Collateral* [Dkt No. 3] (the "Cash Collateral Motion");

*(ii) Motion Pursuant To 11 U.S.C. § 364 For Order Authorizing Debtor To Obtain Credit* [Dkt No. 4] ("DIP Motion");

*(iii) Motion Pursuant to 11 U.S.C. §§ 105(a), 345(b) And 363(c) for (I) Entry of an Interim Order Authorizing Debtor to Use Existing Cash Management System and (II) Entry of a Final Order Authorizing Debtor to Use Modified Cash Management System* [Dkt No. 5] (the "Cash Management Motion"); and

*(iv) Motion Pursuant to 11 U.S.C. §§ 105 and 543 for Entry of an Order (I) Requiring Special Master to Turnover Property, and (II) Establishing Deadlines for Special Master's (A) Accounting, and (B) Request for Compensation* [Dkt No. 6] ("Turnover Motion,"

together with the Cash Collateral Motion, DIP Motion, and Cash Management Motion, "Motions").

## JOINDER

In opposition to the relief requested through the Motions, Molori incorporates its Preliminary Objections to Debtor's First Day Motions and Reply to Debtor's Response to First-Day Motions (together, "Omnibus Objections") [Dkts. 19, 36] as if restated in full.

Additionally, Molori joins the Jaten Objection to the Cash Collateral Motion, Cash Management Motion, and Turnover Motion.

## STATEMENT OF POSITION

With respect to the Turnover Motion, Molori notes that the Special Master, in his objection [Dkt. 48], outlined the State Court's pre-petition orders with respect to allocation of disputed revenue from the State Leases. The Special Master further identified a percentage of funds—38.25%—which the State Court earmarked for the Debtor, subject to claw back. Ownership of those funds is also disputed.

Molori intervened into the State Litigation after the two State Court orders in question and further disputed ownership to the State Leases and the associated revenue. Specifically, Molori intervened as a defendant and filed cross claims against Debtor and others for trespass to try title and specific performance—respectively the Vested Interest and Equitable Interest (as those terms are defined in Molori's Omnibus Objection).

All of the funds in question are subject to existing State Court orders. Comity strongly suggests deference to those orders. To the extent Debtor argues that the 38.25% portion is not covered by the State Court orders, Molori believes turnover is not the appropriate way to determine ownership of a disputed property interest. Indeed, Debtor has already filed a new lawsuit concerning the merits of Debtor's alleged State Lease ownership.

For these reasons, Molori respectfully requests the Court to deny the Motions and to grant other further relief as is just and proper.

DATED: October 25, 2019.

Respectfully submitted,

**JOHNSTON PRATT PLLC**

By: s/ Robert W. Gifford
    **Robert W. Gifford** (RG 9825)
    New York State Bar No. 4046231
    rgifford@johnstonpratt.com

    **Kenneth C. Johnston** (*pro hac vice*)
    Texas State Bar No. 00792608
    kjohnston@johnstonpratt.com

1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 Main
(972) 474-1750 Facsimile

***Attorneys for Molori Energy, Inc.,
a Party-in-Interest***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served by electronic delivery on all persons and entities receiving ECF notice in this case on this 25th day of October, 2019.

By: s/ Robert W. Gifford
    **Robert W. Gifford**