UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:

    PONDEROSA-STATE ENERGY, LLC,

    Debtor.

-------------------------------------------------------x

Case No. 19-13011 (JLG)

Chapter 11

## DECLARATION AND DISCLOSURE STATEMENT
## OF CHARLES M. RUBIO ON BEHALF OF DIAMOND MCCARTHY LLP

CHARLES M. RUBIO, makes this declaration under 28 U.S.C. § 1746:

1. I am a partner at the firm of Diamond McCarthy LLP ("Diamond McCarthy") a national law firm with offices at 295 Madison Avenue, 27th Floor, New York, New York 10017 and regional offices in Dallas and Houston, Texas; and Los Angeles and San Francisco, California.

2. I submit this declaration (the "Declaration") in connection with the *Debtor's Application for Authority to Retain and Employ Diamond McCarthy LLP as Attorneys for the Debtor Nunc Pro Tunc to the Petition Date* (the "Application")[1]. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Diamond McCarthy's completion of further review, or as additional information regarding parties in interest in these chapter 11 cases becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented or otherwise modified information.

**Diamond McCarthy's Disclosure Procedures**

3. In preparing this Declaration, Diamond McCarthy used its customary procedures to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

the Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Firm Disclosure Procedures"). Pursuant to the Firm Disclosure Procedures, I caused to be performed, a conflict inquiry relevant to this Declaration and to ascertain Diamond McCarthy's connections, if any, based upon a list comprised of all parties in interest required under Bankruptcy Rule 2014 including (collectively, the "Known Parties in Interest"): (i) the Debtor; (ii) the Debtor's principals; (iii) the Debtor's non-debtor affiliates and their employees; (iii) the Debtor's known secured and unsecured creditors; (iv) the parties to the State Court Litigation; (v) Bankruptcy Judges in the Southern District of New York; and (vi) the United States Trustee for Region 2, Manhattan Division, and anyone working in his office.

4. Diamond McCarthy has not identified any conflicts and/or connection with any of the Known Parties in Interest, except as set forth below.

5. Diamond McCarthy used its conflicts database management system to analyze whether it has any connection with the Known Parties in Interest. The conflicts database management system identifies potential conflicts and/or connection when we conduct our term search using the names of the Known Parties in Interest. If there are any potential conflicts and/or connections, the results are returned to me and Diamond McCarthy's conflicts department to determine if any conflict and/or connection exists (*e.g.,* there may be a "result" returned which is not a connection, but rather just a similar name).

6. In addition to the foregoing, an email was sent prior to the Petition Date to all users at Diamond McCarthy requesting that if any Diamond McCarthy user is aware of any potential conflict, such user was required to notify Diamond McCarthy's conflicts department identifying any and all relevant information. After the Petition Date, a subsequent email was sent to every user at Diamond McCarthy with additional potential Known Parties in Interest, and

expressly requesting that if anyone was aware of any connection or contact, in addition to any potential conflict, with any of the Known Parties in Interest, such user was to contact Diamond McCarthy's conflicts department and firm management, with a complete listing of any and all connections and/or contacts. Other than as set forth below, no other connections were found.

7. I personally reviewed the results from the Firm Disclosure Procedures. Upon review of the potential relevant responses on our computer database system and all responses to email requests for potential conflicts and connections, I am not aware of any connections with any of the Known Parties in Interest, other than as set forth below, none of which I believe would disqualify Diamond McCarthy from serving as attorneys for the Debtor.

8. Diamond McCarthy previously represented Ponderosa Energy, LLC and GS Energy, LLC in chapter 11 bankruptcy cases in the United States Bankruptcy Court for the Southern District of New York. Ponderosa Energy, LLC and GS Energy, LLC were each indirectly owned by Richard Sands and his wife. The Debtor is also indirectly owned by Richard Sands and his wife. I do not believe that these connections disqualify Diamond McCarthy from serving as attorneys for the Debtor in this chapter 11 case.

**General Statement of Disinterestedness**

9. Except as set forth herein, neither I nor Diamond McCarthy nor any of its partners, counsel, or associates, to the best of my knowledge, has any connection other than in connection with this chapter 11 case, with any of the Known Parties in Interest. Consequently, it is my belief that Diamond McCarthy is a "disinterested person" within the meaning of Bankruptcy Code §101(14) in that Diamond McCarthy, its partners, counsel, and associates:

    a. are not creditors, equity security holders, or insiders of the Debtor;

    b. are not and were not a director, officer, or employee of the Debtor; and

    c. do not hold an interest materially adverse to the Debtor or its estate, or any class

of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, in the Debtor, for any reason.

10. In addition, Diamond McCarthy does not hold or represent any interest adverse to the Debtor's estate under Bankruptcy Code §327(a).

**Diamond McCarthy's Rates and Billing Practices**

11. Diamond McCarthy is not a creditor of the Debtor or its estate. During the ninety-day (90) day period prior to the Petition Date, Diamond McCarthy received from the Debtor payments and advances in the aggregate amount of $40,000.00 for professional services performed or to be performed in connection with preparing for and filing the Debtor's chapter 11 case, plus the filing fee for the voluntary chapter 11 petition in the amount of $1,717.00. These amounts were applied to a pre-petition invoice in excess of $40,000.00 for professional services and the filing fee for the chapter 11 petition.[2]

12. A summary of payments invoiced and received by Diamond McCarthy in the ninety (90) days prior to the Petition Date are set forth below:

- $25,000.00 on August 5, 2019; and
- $15,000.00 on September 9, 2019.

13. Diamond McCarthy intends to charge the Debtor for services rendered in this chapter 11 case at Diamond McCarthy's normal hourly rates in effect at the time the service are rendered. Diamond McCarthy's current customary hourly rates, subject to change from time to time, are $350 to $850 for partners and counsel, $265 to $495 for associates, and $145 to $220 for paraprofessionals.

14. Diamond McCarthy also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtor in accordance with Diamond McCarthy's normal

---

[2] Diamond McCarthy voluntarily reduced the total amount owed as of the Petition Date by approximately $20,000.00. Diamond McCarthy will not seek payment for that amount.

4

reimbursement policies, subject to any modifications to such policies that Diamond McCarthy may be required to make to comply with the General Order M-412 (Order Establishing Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and any further order of the Court. Diamond McCarthy's disbursement policies pass through all out-of-pocket expenses at actual cost.

15. No promises have been received by Diamond McCarthy, or any partner, counsel, or associate thereof, as to payment or compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Diamond McCarthy has no agreement and will not agree with any other entity to share with such entity any compensation received by Diamond McCarthy or by such entity, nor will it enter into any such agreement in the future.

16. The Application requests approval of Diamond McCarthy's retention on rates, terms, and conditions consistent with what Diamond McCarthy charges non-chapter 11 debtors, namely, prompt payment of Diamond McCarthy's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.

**Coordination with Other Professionals**

17. Diamond McCarthy is aware that the Debtor may submit a separate application for special litigation counsel in connection with the State Court Lawsuit. Diamond McCarthy, in conjunction with the Debtor's senior management, intends to carefully monitor and coordinate

the efforts of all professionals retained by the Debtor in this chapter 11 case and will delineate their respective duties so as to prevent duplication of services whenever possible.

**Conclusion**

18. The Application requests approval of the Debtor's retention of Diamond McCarthy at Diamond McCarthy's normal hourly rates in effect at the time the services are rendered and in accordance with Diamond McCarthy's normal reimbursement policies, subject to any modifications to such policies that Diamond McCarthy may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Subject to those terms and conditions, Diamond McCarthy intends to apply, pursuant to Bankruptcy Code §330, for allowances of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

19. The foregoing constitutes the statement of Diamond McCarthy pursuant to Bankruptcy Code §§ 327(a), 329, and 504 and Bankruptcy Rules 2014(a) and 2016(b) which is true and correct to the best of my knowledge, information, and belief.

Executed this 29th day of October, 2019

*s/Charles M Rubio*
Charles M. Rubio
Partner, Diamond McCarthy LLP