UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:

PONDEROSA-STATE ENERGY, LLC,

    Debtor.

---------------------------------------------------------x

Case No. 19-13011 (JLG)

Chapter 11

**[PROPOSED] ORDER AUTHORIZING DEBTOR TO
TO RETAIN AND EMPLOY DIAMOND MCCARTHY LLP AS
ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of Ponderosa-State Energy, LLC (the "Debtor"), the above-captioned debtor and debtor in possession, pursuant to Bankruptcy Code §327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, for entry of an order authorizing the employment and retention of Diamond McCarthy as attorneys for the Debtor, effective as of the Petition Date, all as more fully described in the Application; and upon the Declaration of Charles M. Rubio (the "Rubio Declaration"); and the Court being satisfied, based upon representations made in the Application and the Rubio Declaration, that Diamond McCarthy is "disinterested" as such term is defined in Bankruptcy Code §101(14), as modified by Bankruptcy Code §1107(b), and as required under Bankruptcy Code §327(a) Diamond McCarthy does not hold any or represent any interests adverse to the Debtor's estate; and the Court have jurisdiction to decide the Application and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application have been provided; such notice have been adequate and appropriate under the circumstances, and it appear that no other for further notice need be provided; and the Court having determined that the legal

---

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

10

and factual bases set forth in the Application establish just cause for the relief granted herein, and is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Debtor is authorized to employ and retain Diamond McCarthy as its attorneys in this chapter 11 case in accordance with Diamond McCarthy's normal hourly rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Petition Date.

3. The Debtor is authorized to render the following professional services to the Debtor:

    a. Take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved and the preparation of objections to claims filed against the Debtor's estate;

    b. Prepare on behalf of the Debtor, as a debtor in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtor's estate;

    c. Take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

    d. Take all necessary actions to protect and preserve the value of the Debtor's estate; and

    e. Perform all other reasonable or necessary legal services in connection with the prosecution of this chapter 11 case.

4. Diamond McCarthy shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the

Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

5. Prior to any increases in Diamond McCarthy's rates for any individual retained by Diamond McCarthy and providing services in these cases, Diamond McCarthy shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

7. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from o relating to the implementation, interpretation, and/or enforcement of this Order.