UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:

PONDEROSA-STATE ENERGY, LLC        Case No. 19-13011 (JLG)

    Debtor.        Chapter 11
---------------------------------------------------------x

## ORDER ON DEBTOR'S MOTION UNDER 11 U.S.C. §543 [ECF 6]

Upon the *Debtor's Motion Pursuant to 11 U.S.C. Sections 105 and 543 for Entry of an Order (I) Requiring Special Master to Turnover Property, and (II) Establishing Deadlines for Special Master's (A) Accounting and (B) Request for Compensation,* dated September 18, 2019 [ECF 6] (the "Motion")[1] of Ponderosa-State Energy, LLC, as debtor and debtor in possession (the "Debtor"); the *Declaration of Richard Sands Under Local Rule 1007-2 and Local Rule 9077-1 in Support of Certain First Day Motions* [ECF 2]; the *Supplemental Declaration of Richard Sands Under Local Rule 1007-2 and Local Rule 9077-1 in Further Support of Certain First Day Motions* [ECF 26]; the *Notice of Hearing on Debtor's Motion Pursuant to 11 U.S.C. Sections 105 and 543 for Entry of an Order (I) Requiring Special Master to Turnover Property, and (II) Establishing Deadlines for Special Master's (A) Accounting and (B) Request for Compensation [ECF 6]* [ECF 38]; the *Affidavit of Service* of the Notice of Hearing [ECF 39]; the *Objection of Kent Ries, In His Capacity as Court-Appointed Master, to Motion Pursuant to 11 U.S.C. Sections 105 and 543 for Entry for Entry of an Order (I) Requiring Special Master to Turnover Property, and (II) Establishing Deadlines for Special Master's (A) Accounting, and (B) Request for Compensation* [ECF 48] (the "Special Master Objection"); the *Objection of Jaten Oil Company and Riparia, LC to (1) Motion Pursuant to 11 U.S.C. Sections 105 and 543 for Entry of an Order (I) Requiring*

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

*Special Master to Turnover Property, and (II) Establishing Deadlines for Special Master's (A) Accounting and (B) Request for Compensation; (2) Motion Pursuant to 11 U.S.C. Sections 105(a), 345(b), and 363(c) for (I) Entry of an Interim Order Authorizing Debtor to Use Existing Cash Management System, and (II) Entry of a Final Order Authorizing Debtor to Use Modified Cash Management System; and (3) Motion Pursuant to 11 U.S.C. Sections 361 and 363(c) For Order Authorizing Use of Cash Collateral* [ECF 54] (the "Jaten/Riparia Objection"); the *Joinder to Objection of Jaten Oil Company and Riparia, LC to Debtor's Motions; Statement of Position to Debtor's Motions* [ECF 55] (the "Molori Joinder" and, together with the Special Master Objection, the Jaten/Riparia Objection, the "Objections"); the *Debtor's Reply (I) In Further Support of Debtor's Motion Under 11 U.S.C. Section 543 [ECF 6] and the Debtor's Cash Management Motion [ECF 5], and (II) In Response to Objection Filed by the Special Master [ECF 48 and 49], the Objection Filed by the Texas Plaintiffs [ECF 54], and the Joinder Filed by Molori Energy, Inc. [ECF 55]* [ECF 63] (the "Debtor's Reply"); the *Declaration of Richard Sands in Support of Debtor's Reply* [ECF 64]; the *Affidavit of Service of Debtor's Reply and Declaration in Support* [ECF 67]; and upon the hearing held November 6, 2019 (the "Hearing"), the transcript of which is incorporated herein by reference; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that for the reasons stated at the Hearing, except as set forth below, the relief requested in the Motion is denied without prejudice; and it is further

ORDERED that during the course of the Debtor's chapter 11 case or until this Court orders otherwise, should the Special Master wish to receive payment of reasonable compensation for services rendered and reimbursement of costs and expenses incurred, he must file applications with this Court for authority for payment in the manner provided for in 11 U.S.C. § 543(c)(2).

2

Notwithstanding the foregoing, the requirement that the Special Master file applications for compensation pursuant to 11 U.S.C. § 543(c)(2) shall not be deemed an admission by the Special Master or any other party that the funds at issue are property of the estate, that the Special Master is a custodian as that term is used in § 543, or that the requirements of § 543 are otherwise implicated.

Dated: November 18, 2019
      New York, New York

                                           /s/ *James L. Garrity, Jr.*
                                      HONORABLE JAMES L. GARRITY, JR.
                                      UNITED STATES BANKRUPTCY JUDGE