**Robert W. Gifford** (RG 9825)
New York State Bar No. 4046231
rgifford@johnstonpratt.com
**Kenneth C. Johnston, Esq.** (*pro hac vice*)
kjohnston@johnstonpratt.com
**JOHNSTON PRATT PLLC**
1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 Main
(972) 474-1750 Facsimile

*Counsel for Molori Energy, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

| | | |
|---|---|---|
| *In re:* | ) | Chapter 11 |
| | ) | |
| PONDEROSA-STATE ENERGY, LLC, | ) | Case No. 19-13011-jlg |
| | ) | |
| Debtor | ) | |
| | ) | |

### MOLORI'S LIMITED OBJECTION TO DEBTOR'S SUPPLEMENT TO MOTION FOR AUTHORIZATION PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363(c) FOR USE OF CASH COLLATERAL

Molori Energy, Inc. ("Molori") files this limited objection requesting the Debtor to harmonize relevant portions of its budget with actual oil and gas operating expenses and to comply with the state court documentation orders, as discussed below:

**Background**

1.	On November 21, 2019, this Court entered its Second Interim Order Authorizing Use of Cash Collateral and Notice of Final Hearing. The Debtor seeks a third interim order, but an issue of accountability persists between the Debtor and the Special Master, Kent Reis.

2.	As the Court knows, a Texas state court appointed the Special Master under Texas Rule of Civil Procedure 171 in Case No. 41971, pending in the 84th Judicial District Court of Hutchinson County, Texas (the "State Court Action").

3.     The Special Master has appeared in this case, and the Court has authorized the Special Master to continue complying with applicable state court orders, sans the ability to pay himself and his professionals.

4.     In recent communications among the State Court Action participants, the Special Master noted certain problems with the Debtor's reimbursement requests, such as lack of documentation required by the state court, including the Debtor's failure to pay lease operating expenses:

> A few notes…..
>
> This report covers two months, as the operator did not provide any expense info last month.
>
> Unlike prior reports, where the operator provided a flat fee for pumping and Cory Meadows costs, this request had a flat fee for overhead and some number for labor costs. Unfortunately, but consistent with the last two years, the operator provided zero backup for Cap to review these in house costs. So we continued to pay as in the past, based on Caps view of costs per well/lease.
>
> Most importantly, I have not been provided with any documentation that the LOEs requested for reimbursement have actually been paid by Ponderosa. I have requested that multiple times, since at least 10/25/19. My concern arose with Ponderosa Energys schedules where numerous of these vendors showed up as creditors. After further investigation, it appears that some of the expenses I have been requested to reimburse Ponderosa have not been paid. Clearly, that is not the intent of the Courts reimbursement Order.
>
> In the future, I will not reimburse expenses unless Ponderosa can show they have been paid. Further, unless Ponderosa provides documentation on the current and past vendors having been paid, I will exercise my rights as a master under Rule 171 and conduct discovery on same. Based on my results, I will submit a report to the Court for further action.[1]

5.     The Special Master's reporting obligation, the reports, and the Debtor's apparent recalcitrance indicate a need for Court intervention to ensure that the Debtor's budget aligns with the activities authorized and required in the State Court Action.

---

[1] A true and correct copy of the email from Kent Ries to participants in the State Court Action is attached as **Exhibit A**.

6.   For context, Molori has attached the Master's Reports for August, September and October 2019 operating costs as **Exhibits B and C**.

### Relief Requested

Molori asks the Court to condition use of cash collateral by requiring the Debtor to align its budget, in relation to lease operational expenses, with agreed-upon operations and to require the Debtor to comply with the Special Master's requests for documentation. Molori asks for such other and further relief that may be just and proper.

Dated: November 27, 2019.

Respectfully submitted,

**JOHNSTON PRATT PLLC**

By: s/ Kenneth C. Johnston
**Robert W. Gifford** (RG 9825)
New York State Bar No. 4046231
rgifford@johnstonpratt.com

**Kenneth C. Johnston** (*pro hac vice*)
Texas State Bar No. 00792608
kjohnston@johnstonpratt.com

1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 Main
(972) 474-1750 Facsimile

***Attorneys for Molori Energy, Inc.***

### Certificate of Service

This is to certify that a true and correct copy of the foregoing was served by electronic delivery on all persons and entities receiving ECF notice in this case on November 27, 2019.

By: s/ Kenneth C. Johnston
**Kenneth C. Johnston**