UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re:

PONDEROSA-STATE ENERGY, LLC             Case No. 19-13011 (JLG)


     Debtor.                                 Chapter 11

-------------------------------------------------------x

### THIRD INTERIM ORDER AUTHORIZING USE OF
### CASH COLLATERAL AND NOTICE OF FINAL HEARING

The Court, having considered the motion dated September 18, 2019 [ECF 3] (the

"Motion")[1] of Ponderosa-State Energy, LLC, as debtor and debtor in possession (the "Debtor")

pursuant to sections 361 and 363(c) of the Bankruptcy Code for entry of orders authorizing the

Debtor to use cash collateral on an interim basis and a final basis and providing related relief; the

*Declaration of Richard Sands* [ECF 2] and the *Supplemental Declaration of Richard Sands* [ECF

26]; the Certificate of Service of the Motion filed with this Court [ECF 15], demonstrating

sufficient and proper notice; the Omnibus Objection filed by Molori Energy, Inc. [ECF 19] (the

"Objection") and at the hearing on the Motion held on September 26, 2019, the Court denied the

Motion without prejudice except that the Court permitted Ponderosa TX Operating, LLC to pay,

on behalf of the Debtor, reasonable and necessary expenses for post-petition operations and incur

an administrative expense claim against the Debtor in an amount not to exceed $25,000; the

*Debtor's Reply (I) In Response to Molori's Preliminary Objections to Debtor's First Day Motions,*

*and (II) In Further Support of Debtor's First Day Motions* [ECF 27]; *Washington Federal Bank,*

*N.A.'s Limited Response to Molori's Preliminary Objections to Debtor's First Day Motions* [ECF

33]; the hearing held on October 11, 2019, the transcript of which is incorporated herein by

---

[1]    Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

reference; the *Interim Order Authorizing Use of Cash Collateral and Scheduling Final Hearing* [ECF 41] (the "<u>First Interim Order</u>"); the *Affidavit of Service* of the First Interim Order [ECF 46]; the *Objection of Jaten Oil Company and Riparia, LC to (1) Motion Pursuant to 11 U.S.C. Sections 105 and 543 for Entry of an Order (I) Requiring Special Master to Turnover Property, and (II) Establishing Deadlines for Special Master's (A) Accounting and (B) Request for Compensation; (2) Motion Pursuant to 11 U.S.C. Sections 105(a), 345(b), and 363(c) for (I) Entry of an Interim Order Authorizing Debtor to Use Existing Cash Management System, and (II) Entry of a Final Order Authorizing Debtor to Use Modified Cash Management System; and (3) Motion Pursuant to 11 U.S.C. Sections 361 and 363(c) for Order Authorizing Use of Cash Collateral* [ECF 54]; the *Joinder to Objection of Jaten Oil Company and Riparia, LC to Debtor's Motions; Statement of Position to Debtor's Motions* [ECF 55]; the *Debtor's Reply (I) In Further Support of Debtor's Motion Under 11 U.S.C. Section 543 [ECF 6] and the Debtor's Cash Management Motion [ECF 5], and (II) In Response to Objection Filed by the Special Master [ECF 48 and 49], the Objection Filed by the Texas Plaintiffs [ECF 54], and the Joinder Filed by Molori Energy, Inc. [ECF 55]* [ECF 63]; the *Declaration of Richard Sands in Support of Debtor's Reply* [ECF 64]; the *Affidavit of Service* of the Debtor's Reply and Declaration in Support [ECF 67]; the hearing held November 6, 2019, the transcript of which is incorporated herein by reference; the *Second Interim Order Authorizing Use of Cash Collateral and Notice of Final Hearing* [ECF 82] (the "<u>Second Interim Order</u>"), the *Affidavit of Service* of the Second Interim Order [ECF 86]; *Supplement To Motion For Authorization Pursuant To 11 U.S.C. §§105, 361, 362 And 363(c) For Use of Cash Collateral* [ECF 90]; *Molori's Limited Objection to Debtor's Supplemental Motion for Cash Collateral Order* [ECF 92]; the *Declaration of Richard Sands In Support of Debtors Second 13 Week Budget* [ECF 97]; the *Amended Supplement To Motion For Authorization Pursuant To 11 U.S.C. §§105, 361,*

*362 and 363(c) For Use of Cash Collateral* [ECF 98]; the hearing held on December 5, 2019, the transcript of which is incorporated herein by reference; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1.      The Motion is GRANTED in limited part as set forth herein on an interim basis subject to a final hearing.

2.      The Debtor shall continue to be entitled to use cash collateral (as defined in section 363(a) of the Bankruptcy Code) to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes contained in the budget (the "Budget") attached as Exhibit A through and including March 14, 2020.  The Debtor is authorized to carry forward any amount authorized in any week of the budget to a later week in the budget.

3.      As adequate protection for use of the cash collateral, the Debtor shall make monthly payments to Washington Federal in the amount of $10,000 plus accrued interest under the Prepetition Credit Facility; plus up to $20,000 for legal expenses as set forth in Week 14 of the Budget.

4.      The use of cash collateral provisions in this Third Interim Order shall remain in effect until March 14, 2020, or until otherwise ordered by the Court.

5.      As adequate protection pursuant to Sections 361 and 363 of the Bankruptcy Code of Washington Federal's security interest in the Debtor's property, if any, including cash collateral used by the Debtor, the Debtor grants Washington Federal a post-petition security interest in, and replacement liens (the "Replacement Liens") upon Debtor's assets and property of every kind, except for causes of action arising under chapter 5 of the Bankruptcy Code and any and all proceeds derived from such actions; provided that the Replacement Liens are subject to the Carve-Out and prior non-avoidable liens.  The Replacement Liens shall serve as adequate protection for

the use of any of Washington Federal's collateral and shall be in an amount equal to any diminution of the value of Washington Federal's collateral.   The extent and priority of the Replacement Liens granted to Washington Federal shall be the same as existed for Washington Federal on the Petition Date.

6.    The Replacement Liens granted to Washington Federal pursuant to this Third Interim Order are hereby deemed effective, valid, and perfected as of the Petition Date, without the necessity of filing or recording by or with any entity of any documents or instruments otherwise required to be filed or recorded under applicable non-bankruptcy law.  Notwithstanding, the Debtor shall execute and deliver to Washington Federal all instruments or documents consistent with this Third Interim Order and as may be reasonably requested by Washington Federal and deemed by them to be necessary to evidence or perfect such Replacement Liens, and the automatic stay of section 362 is hereby modified to the extent necessary to permit such execution, delivery, and filing.

7.    To the extent necessary, Washington Federal shall have an administrative expense claim pursuant to section 507(b) of the Bankruptcy Code in the Debtor's Chapter 11 Case and against the Debtor's bankruptcy estate for the Debtor's use of cash collateral to the extent of any diminution in the value of Washington Federal's interest in its collateral, and Washington Federal's administrative claim shall have priority over and above all other costs and expenses of the kind specified in, or ordered pursuant to, sections 503(b) or 507(a) of the Bankruptcy Code; provided that Washington Federal's administrative claim is subject to the Carve-Out.

8.    Molori Energy Inc., its predecessor, Tiapan Resources Inc., and/or one of its affiliates (collectively, "Molori") claims legal ownership to the Vested and the Equitable Interest.[2]

---

[2] In the Objection, Molori defines the Vested Interest as a 25% undivided working interest and 25% net revenue interest in the State Leases. Molori defines the Equitable Interest as any remaining working interest in the State

Molori contends that neither the Vested nor Equitable Interests are property of the Debtor's estate. The Debtor denies that Molori owns any such an interest, and Washington Federal claims a priority over any such interest.  To the extent Molori's ownership is established upon entry of a final order in this bankruptcy case, then Molori shall receive an administrative expense claim pursuant to section 507(b) of the Bankruptcy Code to the extent of any diminution in the value of Molori's interest as a result of using cash collateral during the bankruptcy case, and Molori's administrative claim shall have priority over and above all other costs and expenses of the kind specified in, or ordered pursuant to, sections 503(b) or 507(a) of the Bankruptcy Code; provided that such a claim will be subject to the Carve-Out and any superior interest that Washington Federal may have in the Collateral.

9.      Molori reserves the right to seek disgorgement of the adequate protection payments made to Washington Federal if it is determined by final order of the Court that Washington Federal is not entitled to such adequate protection payments.

10.      A final hearing (the "Final Hearing") for the Motion is scheduled for **March 3, 2020, at 10:00 a.m. (ET)** and any objections or responses to the relief requested in the Motion being granted on a final basis shall be filed on or before February 25, 2020, at 4:00 p.m. (ET) and served upon the parties as required by Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and the Debtor shall file any reply on or before February 27, 2020 at 4:00 p.m. (ET), in each case, with two single-sided hard copies delivered to Chambers by the respective deadline.  No sur-replies shall be filed without prior permission from the Court.

---

Leases.

11.    Promptly after entry of this Third Interim Order, the Debtor shall serve a copy of this Third Interim Order and notice of the Final Hearing by first class mail upon: (i) the U.S. Trustee for Region 2; (ii) each of the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); (iii) those persons who have formally appeared in the Debtor's case and requested service pursuant to Bankruptcy Rule 2002; (iv) Washington Federal, N.A.; (v) Molori; and (vi) the Special Master.

12.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Third Interim Order.

Dated: December 18, 2019
         New York, New York

                                        /s/ *James L. Garrity, Jr*
                                        Honorable James L. Garrity, Jr.
                                        United States Bankruptcy Judge