Robert W. Gifford (RG 9825)
New York State Bar No. 4046231
rgifford@johnstonpratt.com
Kenneth C. Johnston, Esq. (*pro hac vice*)
kjohnston@johnstonpratt.com
**JOHNSTON PRATT PLLC**
1717 Main Street, Suite 3000
Dallas, Texas 75201
Tel. (214) 974-8000
Fax (972) 474-1750

*Counsel for Molori Energy, Inc.,
a Party-In-Interest*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### MANHATTAN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PONDEROSA-STATE ENERGY, LLC, | ) | Case No. 19-13011-jlg |
| | ) | |
| Debtor. | ) | |
| | ) | |

### MOLORI ENERGY, INC.'S JOINDER IN MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 362(d)(1) MODIFYING THE AUTOMATIC STAY TO PROCEED WITH PENDING STATE COURT ACTION

Molori Energy, Inc. ("Molori") submits this Joinder to the Motion for an Order Pursuant to 11 U.S.C. § 362(d)(1) Modifying the Automatic Stay to Proceed with Pending State Court Action [Doc. 87] (the "Motion to Lift Stay") filed by Jaten Oil Company and Riparia, LC (collectively, the "Texas Plaintiffs").

#### JOINDER

Molori joins in the Motion to Lift Stay and asks the Court to modify the automatic stay to allow the parties to proceed with their claims in Case No. 41971 pending in the 84th Judicial District Court of Hutchinson County, Texas (the "State Court Action") through conclusion.

## STATEMENT OF POSITION

Like the Texas Plaintiffs, Molori has claims pending against Ponderosa-State Energy, LLC, the Debtor, among others, in the State Court Action involving a Texas land title dispute centered around an amended Texas oil and gas lease, the underlying mineral assets, and the proceeds derived therefrom. The parties to the State Court Action are the Texas Plaintiffs, Molori, the State of Texas, the Texas General Land Office, and the Debtor, among others. The factual and legal bases for recovery by the Texas Plaintiffs and Molori substantially overlap. In particular, both the Texas Plaintiffs and Molori have trespass to title claims, among others, relating to the Amended State Leases.[1]

Molori agrees with movants that:

(i) The State Court Action would result in a complete resolution of the issues on an expedited basis;

(ii) The State Court Action is based on pre-petition activity of the parties and non-core matters that turn on Texas state law;

(iii) The Bankruptcy Court lacks jurisdiction over the State of Texas and other necessary parties to the State Court Action;

(iv) The State Court has the necessary expertise to hear the Texas land title and oil, gas and mineral rights related disputes between the parties, and is intimately familiar with the underlying claims asserted by the multiple parties;

(v) The interest of judicial economy and efficiency support brining the claims to conclusion in that forum; and

(vi) The Texas Plaintiffs and Molori stand to be detrimentally prejudiced if the parties are forced to litigate their claims in both the State Court Action and in this Court.

For these reasons, Molori respectfully supports relief from the automatic stay and requests the Court to enter an order modifying the automatic stay to permit the parties to proceed forward with and conclude the State Court Action and further requests such other and further relief as is just and proper.

---

[1] The Amended States Leases shall have the same meaning as that term is used in Molori's Petition in Intervention filed on July 5, 2018, in the State Court Action.

Dated December 30, 2019.

        Respectfully submitted,

        **JOHNSTON PRATT PLLC**

        By: s/ Kenneth C. Johnston
          **Robert W. Gifford** (RG 9825)
          New York State Bar No. 4046231
          rgifford@johnstonpratt.com

          **Kenneth C. Johnston** (*pro hac vice*)
          Texas State Bar No. 00792608
          kjohnston@johnstonpratt.com

        1717 Main Street, Suite 3000
        Dallas, Texas 75201
        (214) 974-8000 Main
        (972) 474-1750 Facsimile

        ***Attorneys for Molori Energy, Inc.,***
        ***a Party-in-Interest***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served by electronic delivery on all persons and entities receiving ECF notice in this case on this 30th day of December, 2019.

        By: s/ Kenneth C. Johnston
          **Kenneth C. Johnston**